The Honorable, the Judges of the United States Court of Appeal for the Fourth Circuit. Mr. Cox, when you're ready, we'd be happy to hear from you. Good morning, Your Honor, and members of the bench, may it please the Court. My name is Daniel Cox, representing Appellant JoAnn Britt. It truly is an honor to come before you this morning. I thank you for that opportunity on behalf of my client. Your Honors, the Rehabilitation Act is designed to protect my client from retaliation, not to be eliminated from an action alleging the Rehabilitation Act retaliation. And here, it provides the material, causally related proof of the Department of Labor-related limited duty workers' compensation, discrimination, and retaliation order through the Postal Service that the amended complaint plainly alleges. And without this causal nexus being permitted, the entire action is unable to be properly amended in the Court below. As Good v. Virginia Legal Aid sets forth, as Your Honors are aware, in 623-624, this Court does a case-by-case analysis under guidelines, which include that where an action, and not merely an amendable issue in the complaint or amendable count, is dismissed without prejudice, the order of dismissal is final and appealable. And in this case, we have an entire basis for the EEOC complaint being dismissed, and under count three, half of that count being dismissed because it's causally and directly evidentiary related to the Rehabilitation Act claims. So, my client's entire claim, Your Honors, rests on the Rehabilitation Act violations and retaliations, as well as the claim for discrimination and harassment in workplace. Mr. Cox, in this case, was it appropriate for the District Court to use the McDonnell-Douglas analysis? Because my understanding of that concept is that there's a burden of persuasion part to it, and there's been no discovery, and I was wondering whether that analysis was faulty. Your Honor, thank you, and I would humbly suggest that it is, that the good court below heard in that under the Rehabilitation Act, my client is governed by, not the race-based type of the McDonnell-Douglas analysis, but the Rehabilitation Act. The Works v. Colvin indicates that she must show the protected activity, which she has shown. She must show the adverse acts and employment action against her, which she has shown, and that a causal connection exists between the protected activity and the adverse action. Now, it's difficult for us to even proceed if we can't have discovery, because if I go to take a deposition, strictly, Your Honors, on the issue of whether or not the employees who put the EEOC complaint into my client's postal box had understanding that that was an EEOC complaint, that the entire basis for the EEOC complaint, as well as the Rehabilitation Act complaints that necessitated this, is prevented in discovery. So, it's placed my client in a catch-22 to be prevented from being able to discover the very nexus of the case, excuse me, the gravamen of the case that underlines all of the complaints. And therefore, it is a dismissal of the action, because we can't be expected, and my client does not have the money to go back after we do depositions on the timeline that we well pleaded of the EEOC complaint, to then go back later and do an entire new deposition string on all of the issues that underline... Well, but do we have, you know, we have to get to this point of a final judgment, and you suggested to the court, I think, that you would seek to amend the complaint if this were remanded to the district court as interlocutory. I don't understand why you couldn't have tried a petition for leave to amend, rather than taking an appeal. Because, Your Honor, the issues were precluded. All of the counts were dismissed with prejudice, except for half or part of count three. And so, the entire action, the substance of the action, was dismissed... No, because the retaliation claim was dismissed without prejudice. And, you know, it would have been an easy... Obviously, the causal nexus is crucial to a retaliation claim, and the district court was very distinct in saying some of these claims are dismissed with prejudice, but the retaliation claim is dismissed without prejudice. And at that point, the simplest thing to do would be just petition for leave to amend and include two factors, which the district court bent over backwards and identified as factual gaps in the complaint. One being when your client filed the EEOC complaint was unclear, and it was also unclear when or even the employer supervised or even knew of it. Those pertain directly to causation and the retaliation claim, and I don't understand why you didn't just... The district court served it right after you and said, I need to understand this. I don't understand why you didn't move for leave to amend. Thank you, Your Honor, and I'll explain in reverse order of what you first of all, in our amended complaint, the court respectfully below heard, and because in Joint Appendix 8, Your Honors will see that on Paragraph 20 and 21, both of those issues were plainly pleaded. It's specific to the date and specific to the fact that the individuals that complaint was against placed the EEOC complaint in the mailbox of my client, as well as the fact that the date it was stamped was the same date that she was then terminated. But as to your question about amending, it would be fruitless, Your Honors, respectfully, in the underlying case, the action at bar to amend for the sole purpose of proving the, you know, of restating what's already stated in this complaint, that on May 22, 2017, the EEOC complaint was date stamped and placed by those who she complained against in their hands, placed into my client's mailbox, because, and here's the crux of the matter, the issues were precluded through the Rehabilitation Act by the court, such that we were prevented, therefore, from amending on the substance of this case. And the end result is to then deny my client the opportunity to make out any discovery beyond a very narrow window that has nothing to do with the action. You know, the timeline of notice is directly tied into the fact that for a year, my client was persecuted because of her shoulder surgery. 15 years of service on the job resulted in- But you said it would be futile, but you said, you know, I think you represented to us that you could have, that you would seek to amend the complaint if it were remanded to the district court as an allocator, if there were amendments you could make. Well, as, if the only cause of action left is this determination that the, that May 22, 2017, date stamped in the mail and hand delivered, if that's the only issue and we needed to add another sentence to please the court below, that would not be a material change and it's already there. The issue, Your Honor, has nothing to do with that. The issue is whether or not my client gets to proceed at all with the underlying discrimination claims, with the retaliation under the Rehabilitation Act. And so, to go back and of notice has zero plausibility. It has a very narrow basis for which then she can have a case. And like I indicated- Well, you know, we have an institutional interest here. You have an interest in representing your client. We have an institutional interest in not having interlocutory judgments come up here and not having the discrimination claim proper come up in one appeal and then maybe a retaliation claim come up at some later time. It's just better for us to have the whole bundle up here at one point. And the dismissal without prejudice wouldn't seem to me to indicate that the district court was open to some sort of amendment. Otherwise, you would have dismissed with prejudice, but the district court said what he wanted, so these are the factual gaps he gave. He indicated he was open to an amendment. He didn't say it was futile, but a dismissal without prejudice doesn't indicate that it's futile. I just don't like these things coming up here piecemeal. Thank you, Your Honor. And actually, this is the precise reason why this case is before, not interlocutory, as you suggest, but instead because the case law before this court that binds the court from the perspective of the Fourth Circuit is that to prevent multiple appeals, to prevent ongoing piecemeal litigation, it is important that the court take this on a case-by-case basis to see exactly what Your Honor indicated, and that is whether the entire action is at stake and whether that is sufficiently before Your Honors to then send it back so that we can properly do one case rather than bifurcate this as the honorable judge below has indicated through dismissing the entire action except for part of one tiny issue that has little to do with the substance. And, in fact, if we begin depositions on that issue, we could be prevented from questioning about the substance of the EEOC complaint because that's the Rehabilitation Act claim. Well, this whole question of jurisdiction and whether part or all of an action is dismissed, and this is definitely a non-final order insofar as it does it without prejudice, and we've allowed those in some instances in which maybe you would indicate you waive your right in a future amendment or, as was said in Domino Sugar, that you could save your action by merely amending your complaint, which would go in the direction that Judge Wilkerson suggests, and the court itself seems to appoint it to some ways in which it could have been done. But the bottom line is, at least in this circuit, from what I see, it looks like we're kind of, I would say, all over the place, but there's a lot of different directions this thing can go, and I would think from the practitioner's perspective of whether you can appeal or not appeal to have to analyze it on a case-by-case basis, it looks like, to me, would be a nightmare to someone who's dealing with a case like this. Do you just go back and try to do it and risk, later on, a court saying you should have brought forth those cases that were dismissed with prejudice, or do you go forward on this one as interlocutory? Do you seek an amendment just on this part and then lose it from a statute of limitations or something on the other? It just looks like a nightmare to me. Is this the rule in, what is the rule across the sort of the consensus way in which these things are handled? Well, you have what you have here, and that is, Judge Wilkerson rightly points out, and I'm with him in terms of that there is a problem here from what I see, but whether it's been, your reason articulates a good way to handle it is something we'll have to consider, but it is definitely a non-final order, and that's jurisdictional. And the question then becomes, but you seem to be indicating it's futile to try to amend, so that tells me you are waiving your amendment or not. Your right to amend. Thank you, Your Honor. We won't waive anything, Your Honor, because what you pointed out is very accurate in that the court has put us, unfortunately, in a position where if we don't proceed, we risk issues regarding statutes and limitations, et cetera, and if we then go back, we could also end up being limited in discovery and have to- Well, it keeps coming up again and again. It came up with domino sugar, then child, then good, then back of being. The same kind of thing keeps popping up of whether we have jurisdiction or whether they should immediately appealable or not. I mean, it seems like to me there ought to be a rule change or something. Practicing law is difficult enough. I'm just thinking how scared I would be as a lawyer to make this call, because you've got to use your best effort and everything and use all your reasoning, but if you make the wrong one, you've just lost the case based upon a procedural rule there. And maybe I'm one that don't particularly care for procedural rules being vague, but I guess the question I'm asking is what rule would fit here that would give some greater clarity in how to proceed on a case like this? Or is there such a rule out there? Well, your honor, the 11th and 2nd circuits do make all dismissals appealable as a matter of right in any case. However, I don't believe your honors need to go there in this case, because you do already have the authority under good. It says very clearly that where an action and not merely amend a complaint is dismissed without prejudice, the order of dismissal is final and appealable. But then you've got Bing that came back and basically looks at me and says that Good's bright line rule was inconsistent with Domino Sugar and Chow. I mean, so you've got a different panel that looked at it differently, and that's kind of where we all owe the place in between all this. So somewhere in the middle of this is you, the practitioner, and your law license and your client trying to determine is this appealable, not appealable, how do you handle it? And so that's why I ask what sort of clarity, and I'm not sure this panel can give it any more than the four panels already looked at this in different ways, and whether there's something that maybe the court should settle or something, but is it unclear? I mean, you can argue it, but is there a lack of clarity in terms of the rule here such that something really needs to be done so that from a practitioner's perspective, I'm asking more there, probably there's something a little bit more than what's to actually be done, but in terms of actually him in this case, is there some clarity we could add here that would make it simpler to make that determination? And that's, thank you, Your Honor, and that's the proffer that I'm making the court, that if when you look at the dismissal, the entire dismissal, including all three counts, except for a portion, a very small portion of the third count, that means that that's all dismissed without, excuse me, with prejudice, and in that situation, this court has the authority to then. I don't think you're answering Judge Wynn's question, and it's exactly the same one that I have, and this is a traffic cop rule we're talking about, and our primary obligation is to provide some clarity, and there are a whole lot of cases in the circuit, at least, that where part of the case is dismissed without prejudice, then that's in the locatory, and there's no final judgment where part of the case is dismissed without prejudice, and that's pretty easy to follow, and that's a pretty clear guideline. And there's always a danger in taking a traffic cop rule and trying to turn it into, well, sometimes it's this way, and sometimes it's that way, and I just, you say it's just a tiny part of your case, but it wasn't. You brought a retaliation claim, and causation is not a tiny part of a retaliation claim. It's a big part. Mr. Cox, does it make any difference in this case that the judge ordered the entire case closed? Yes, thank you, your honor, and that indicates, I think, an additional view of the court, and that is that this action was dismissed. Now, and furthermore, you know, I point out this was done on a motion to dismiss stage, not at the summary judgment stage, so we haven't had an opportunity to pursue any discovery in this matter on any count, and then when you look at even in the Chow case, as the court indicated, it clearly held that an action in entirety or dismissed entirety can be considered, and so when you see this dismissed and treated as such as with prejudice, there is one particular question that, as I pointed out, is inaccurate. The court erred on this point to say that our amended complaint did not indicate the date of when my client filed her EEOC complaint or whether... You can... How are you prejudiced if this goes back? You can shore up the gaps the district court noted in the complaint, and you would not have lost the right to appeal those claims that were dismissed. I mean, it seems like, oh well, in this case, we can sort of look the other way on the trial judgment question, and, you know, that might be okay for this case, and you might think that's a nice equitable rule, but the problem is long-term. We're doing... We're doing nothing to respect the institutional interests that we have in having cases not come up here in dribbles, but as one packaged whole. At any rate, you've got... Judge Floyd or Judge Wynn has some additional questions, otherwise I'm going to ask Ms. Koch to come and give her argument. May I have a quick response, your honor, to that point? Can you save the response for rebuttal? Yes, your honor. All right. Thank you. Ms. Koch, whenever you're ready. May it please the court. Rebecca Koch on behalf of Appellee DeJoy. The district court directly, correctly dismissed Britt's claims under Rule 12b6 for failure to state a claim. Before we address the basis on which this court could affirm the lower court's decision, I do think we need to continue the discussion on whether this court has jurisdiction. As we've discussed this morning, because the district court dismissed Britt's retaliation claim without prejudice... Can you hold for a moment? I'm having some problem with the audio here. I don't know if the other judges are not, but there's a lot of breakup that's happening right now. I'll ask the tech to check on that. Okay. Is anybody else having that problem or is it just me? I think it's just you. I think it's just you. I'm hearing things. All right. Ms. Come back now. Everybody's back. Thank you. Thank you. You may proceed. Thank you, your honor. This court in Domino Sugar instructs that you must look at whether the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case. Domino Sugar also instructs to look at the clear import or bottom line effect of the court's order. The court also noted the difference between an order dismissing an action without prejudice and one dismissing a complaint without prejudice, stating that the latter order is generally not to dismiss this for lack of jurisdiction. No, I'm not. But let me, let me walk. I think it's important we have to walk through the factors because as you think we should, you think we should take it then, in other words, you believe this matters properly before us then? I think there's an argument to be made that it is your honor. And some of that I need to know what your position is as the, as the appellee on this case, are you saying that we have jurisdiction or we don't have jurisdiction? If, if Britt's counsel were to agree that she was standing on the amended complaint, it would be my position that this court does have jurisdiction. That's assuming not because in my answer to my question, it seemed quite clear. He was saying, no, I'm not, not giving up in a right to amend. That's what it sounds to me. So that's the, that's where you are. So do we have jurisdiction from your argument with that position? With that position, given the other factors that the court has to look at, that have been set forth in Domino, Sugar, Chow, Bingbee, Brevo Systems, as well as NRA, GNC, Corp, I would say that this court, it would tip against this court having jurisdiction. I think we have to, regardless of what counsel says, we have to satisfy ourselves as to whether we have jurisdiction here. And a lot of times we have, this happens all the time where counsel comes and wants us to decide this case and says that we do have jurisdiction, but we have a perspective and a different interest in it. Yours is quite understandably, we want a case resolved and then what happens down the road, something you got to live with. But I gather what you're saying is that your response to my colleague's question, that you don't, that we don't have jurisdiction looking at Domino, Sugar. Looking at Domino, applying the factors in Domino, Sugar, as well as Bingbee, NRA, GNC, Corp, and Chow, the Rivendell Woods, I think on the balance, those factors weigh against jurisdiction if Brit's counsel does not want to stand on her amended complaint. Because if you look at the Domino, Sugar says, well, is there any amendment that could be made that would cure the defects? As your Honor noted this morning, the district court made clear what the defects in the retaliation claim were. The court did go ahead and order an administrative closure, which could be seen as an indication of the courts being done with the case, but an administrative closure itself cannot turn it into an appealable order. Then you have to look at the factors in Chow and Bing, and whether or not plaintiff is electing to stand on her complaint. In one way, because she pursued this appeal, that could be seen as her standing on her amended complaint. Even in the reply briefing, it would seem that they were standing on the amended complaint. However, it does seem based on argument from counsel today that Brit is not willing to stand on the amended complaint. So that would tilt against this court having jurisdiction. So is that the way we have to handle these cases? I think you're right. When you look at Chow, Chow says, stand on the complaint, and the court dismissed the entire action which closed the case. And in answer to my question, it seems as though plaintiff's counsel says, no, we're not giving up any rights to amend or anything that was specific. And the reason for asking that was to get there. But I'm concerned, as I'm sure the other judges are too, in terms of how do we go about this? Do we wait until we have arguments and then ask counsel, do you stand on your complaint? When does that come up? I mean, I think that's a dangerous way for a counsel to proceed on a case. You know, to wait until you get here, so okay, we'll stand on it or we won't stand on it. That seems like that ought to be made somewhere before we have to get where we are. It makes us have to do what we're trying to avoid doing is doing piecemeal type litigation. And it puts us in that situation. But when do you say that should be made, that determination of whether he's going to stand on his complaint? That is a factor in the analysis. And it appears that at least in Bing, NRA, GNC, Corp., Chauvie, Rivendell, Woods, and I believe in Triple Canopy, it comes up at this stage in the appeal process. So it's one- So you're saying when we're actually having an argument is when we first go to learn, or if you don't put it in your brief, I guess you don't have to, is when we're going to learn, you're going to stand on your complaint. It also can be- Because I think this is kind of what I'm learning of it. Maybe it was said some other time, but I don't know anything of where we are. So he's like, this is where you're learning of it. So is that what you're saying? To some extent, yes. I mean, otherwise you can infer it from the fact that the plaintiff is appealing. But it is one factor that the court has looked at- But the plaintiff is not in control of the final judgment rule. That's the problem I have with the complaint or wants a chance to amend the complaint. Since when do we turn over our jurisdictional standards to the plaintiff? The district judge is in charge of issuing something that's either a final judgment or is not a final judgment. And I could not agree more with my I think we're in a mess. I think we're all over the place. And I have been, I'm sure, probably not blameless, but we've got to have some clarity from the standpoint of future counsel to be able to decide these things rather than engaging in this kind of back and forth that we are involved in and trying to figure out all the different factors and how they apply. It's a traffic cop rule. And it's so basic that traffic cop rules of procedure have to be clear. And so how do you head for clarity? You head for clarity by saying, if one of the claims is dismissed without prejudice, it's not bad. And that seems to me all about the clearest way we can make it as a presumptive matter that if it's, if something is dismissed, it's dismissed without prejudice, it just isn't. And from a standpoint of a practitioner, wouldn't that be a thought to you down the road? And in answering that point, I want to point to you that that's exactly what Good said. Good proved a bright line rule. And that's why we have a conundrum in this circuit. I agree with Judge Wilkerson totally. I don't like that 11th Circuit rule, but it's our law because that's what Chau says. Chau says a plaintiff elected to stand on a complaint and the judge close it. That's what we have. Then you have Domino Sugar that basically says it's a case by case. And then you got Bing that comes back and says, well, good, you can't do this because you got Chau and Domino Sugar on this. I don't know how we avoid ultimately coming together and deciding a consistent rule. I don't, I'm not hung up on whether it should be one rule or another. It can go either way on it, but I think it should be the same rule. And I don't know how we, given where we are with the state of it, we could write an opinion, but it has no more force than the four or five or six opinions already out there. Ultimately, this is one of those things we're just going to have to consider as an en banc court if the Supreme Court's not, and this is not the kind of thing I see the Supreme Court weighing in on anytime soon. Maybe they will because of the nature of it. But I don't know. I mean, to get clarity on it, I'm totally in line with Judge Wilkerson. I read this the same way. Who knows how to do it? And as I said, as a practitioner, I would be scared to death to be practicing and following these things, particularly from a plaintiff's perspective. At the risk, your action could be held dismissed, or you didn't do something because of this myriad of cases out here that's in conflict as to what you can and cannot do. And, you know, we judges have different opinions on it, but regardless of what it is, this is one of those areas, it's the uniformity of it that's the most important thing here by far. It's not trying to push one side or the other, but what is the rule? And we have a lot of rules. That's why you're struggling right now saying, when is it that they can stand on the complaint? Now, it is ridiculous. We got to sit here and wait until you get here and have an argument for the plaintiff's counsel to say, I'm going to stand on my complaint. I mean, somewhere in advance, we should have known that or at least assume it is the situation. I'm in agreement with Judge Wilkerson on this. I don't know where we go with it, except I think we've got to come together and make a rule. Yes, and I agree with that. And I think you saw Bing trying to harmonize the prior cases and in that just walking through each of the factors, but then that still runs into how you weigh those factors. And in some of those cases, certain factors did appear to be dispositive. So to your Honor's points, the test is murky, as it appears from the cases before us. Ms. Cox, let me ask you this. Do you know whether or not the plaintiff is out of time to amend this complaint under the limitations period? So I believe the plaintiff would be able to go back and amend. Let's assume that he is out of time, then he would have to stand on his complaint, wouldn't he? Yes. Yes. And it assumes an interlocutory appeal will toll it. That's right. That's a risk. And I apologize. I don't know the answer to that definitively. I apologize. There has been extensive discussion of the retaliation claim. So if I may, I'd like to turn to that to address that briefly. As everyone knows, the Retaliation Act bars retaliation against individuals because such individual has opposed any act or practice made unlawful by the Rehabilitation Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act. To be clear, BRIT's pursuit of workers' compensation or a modified duty assignment does not constitute protected activity under the Rehabilitation Act. When confronted with a similar question, this Court in Reynolds v. American National Red Cross held that filing a workers' compensation request was not covered under the ADA, did not constitute protective activity under the ADA, and could not form the basis of the plaintiff's retaliation claim. Pursuit of a workers' compensation and limited duty assignment through the Department of Labor is a process separate and distinct from pursuing a request for accommodation through the agency, the latter being a protected activity under the Rehabilitation Act. Therefore, the only protected activity that BRIT engaged in related to her EEO activity. However, the amended complaint fails to allege a causal connection between plaintiff's EEO activity and any challenged employment action. There's been much discussion today about the date of when she commenced EEO activity. That date is not clearly alleged in the amended complaint. However, in the ADR Specialist's Inquiry Report, the initial date of contact is stated in that document. That document is in the record and could be referred to by the Court when considering a Rule 12b6 motion. However, there is still a problem with a causal connection because the complaint does not adequately allege when the defendant had knowledge of BRIT's EEO activity. Mr. Cox points to the allegations in the complaint that Ms. BRIT received back in her P.O. box a stamped copy of the EEO complaint on May 22, 2017, and that is the same date that she was informed that she was being terminated. There are no allegations in the complaint to indicate who put that envelope in her P.O. box on May 22, what was on that envelope, or what they reported. Importantly, the notice of removal, which appears at JA-54, is dated May 19, 2017. So that is three days before this envelope was placed back in Ms. BRIT's P.O. box. So it's dated May 19, and it's signed by Ms. Wetzel on May 19, and it's also signed by Postmaster Adams. Isn't this something for the District Court to sort out in the first instance? It would be, yes. I just wanted to make sure. So that would argue for dismissing in a locatory, wouldn't it? Because what you've just been over, you may be right. I don't know. But, you know, affirming on an alternate ground or whatever on the retaliation point, and the District Court hadn't even had the chance to have the gaps he identified in the complaint were not addressed. It's unfair. It's unfair to the District Courts to be affirming or reversing them on things they never had the chance to consider. It's unfair to litigants, as Judge Wynn has pointed out, to leave them with this incredible murky case-by-case inquiry. It just seems to me that all these things you're talking about are not really things that, at least as it pertains to retaliation, are not things for us to be addressing here in the first instance of what date something was submitted, whether the supervisor knew when she filed a complaint, whether the employer supervisor knew of it and everything. That's stuff you want the District Court to address, and it's crucial to the retaliation claim. And you would want the District Court to have a first draft of it. Yes, Your Honor, and I just wanted to quickly pivot to address some of the merits in the event this Court wanted to go into the merits of plaintiff's claims, or excuse me, of Britt's claims. And I just wanted to point out that even putting aside the facts surrounding the timing of her charge, there are no allegations and nothing in the record to support knowledge. The notice of removal was a part of the record down below and could be considered by this Court today if it did decide to consider the merits of Britt's claim. And the point that I'm trying to make is that he's emphasizing, oh, May 22, May 22, but the notice of removal was dated May 19, so before the envelope was placed back in her P.O. box. Also, again, if you will indulge me in further merits discussion, there was a question, I believe, by Judge Floyd pertaining to McDonnell Douglas in direct evidence. I do believe that the Court correctly applied the McDonnell Douglas paradigm in its analysis, and that is because the amended complaint does not sufficiently allege direct evidence. Direct evidence is evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision. It's evidence that the employer announced, admitted, or otherwise unmistakably indicated that the forbidden consideration was a determining factor. That's not what you have here on the alleged amended complaint. You have one comment by Mr. Darr, one comment by co-workers. You have allegations that generally her supervisors denied her breaks, but there's no nexus between those allegations and the decision to place her on emergency leave or to terminate her. So for those reasons, it's clear that McDonnell Douglas does apply, and there is not direct evidence alleged on the face of a complaint. If I see that I'm almost out of time, if the panel has no further questions. All right, if my colleagues have no further questions, I will thank you for your argument very much, and then we proceed with Mr. Cox's rebuttal. Mr. Cox, before you start, are you out of time to amend under the federal rules? Your Honor, that's a question that I wanted to address in the request that this court would clarify that by an order, at the least, of directing the lower court to permit the amendment. Which leads me to my second question, are you or are you not going to stand on your amended complaint? Well, thank you, Your Honor. Because it does have jurisdictional implications. And because of the colloquy of Your Honors and my discussion during that time with my client, we are now going to, and my apologies, but we are now going to stand on the complaint for the sake of clarity for this board and for the case. And we ask that Your Honors reverse and remand and direct that the lower court permit the case to go forward for discovery. There are material substantive issues at play here that have not been inquired into, and as Your Honors pointed out, the judge below. So this is how we will do it in the future, is, you know, you file your action and then you come up to us and you make a decision whether you're going to stand on the complaint at that time. I mean, shouldn't that be made sometime before now? I mean, first you told me I'm not giving up any right to amend, and now in light of what we discussed with the state of the law, which I'm sure you already knew, you now flip and say, well, I'd like for it not to be dismissed without jurisdiction, so we'll stand on the complaint and go in that direction. That doesn't give us any clarity at all in terms of what we do now. We just added a layer, as Judge Wilkinson said, now we're letting you determine jurisdiction for us at your leisure, pretty much when you finally get up here in front of us and now flip on us and say, okay, I'm going to give you jurisdiction. Of course, I'm not going to give you all jurisdiction today. I sort of figure like our roles are being reversed here a little bit. I don't like that. I don't know how the other judges feel, but that doesn't feel too good to be. Is that the way it's going to work from now? Your Honor, that's certainly not the intent, and I think the issue was that... Well, that's exactly what just happened. One moment you said you voted amends, so we don't have jurisdiction now. The next moment you said, all right, stand on the complaint. We've got jurisdiction. Well, Your Honor, I do have to follow my client's instructions, and I also wanted to mention that although once I hear Your Honor's position in the clarity issue that was brought up by Judge Wilkinson, I don't believe that that is necessarily required of the court, but since that is the court's mind, that is my client's request, and so... Well, you earlier suggested that you would sit to amend the complaint if it was remanded. You suggested that to the court, and Judge Wynn says, you know, the whole upshot of what you're doing is you're blowing hot and cold on us, and you're flipping the role so that you are in control and litigants are in control of this court's jurisdiction, and that just can't be, and this whole argument is underscoring for me not only the practical problems with the state of this rule, which is from a practitioner's standpoint must be a mess, but it also is theoretically very unsatisfying in that it lets the litigants play cat and mouse with the court over the court's own jurisdiction, and so whether you look at it from a theoretical standpoint or whether you look at it from a practical standpoint, it seems to me we need to go straight toward clarity, and the best way to achieve clarity is to say if part of the case is dismissed without prejudice. It's non-final, and we have a whole lot of unpublished dispositions that have dismissed appeals on that basis because our case was dismissed as non-final, and it was dismissed without prejudice, so we're trying to help you out, and it may be within our purview to direct the district court to allow an amended complaint, but I don't know I have no idea what we'll do, but at any rate, do you have anything further for your time? Thank you, your honor, nothing further. All right, thank you both. We appreciate it. I'm sorry we're unable to come down and shake your hands, but I know you understand. I hope the day will come when we can. Thank you very much. You will head into our last case.
judges: J. Harvie Wilkinson III, James Andrew Wynn, Henry F. Floyd